UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re EDWARD G. TAYLOR,

    Debtor,
_____/

MICHAEL A. STEVENSON, TRUSTEE,     Case No. 11-12040
                                                        Honorable Patrick J. Duggan

    Plaintiff/Appellee,

                                                        Bankruptcy No. 10-52537
v.                                                      Adversary Proceeding No. 10-6540

EDWARD G. TAYLOR,

    Defendant/Appellant.
_____/

**OPINION AND ORDER**

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. Defendant-Appellant Edward G. Taylor ("Debtor") appeals the Honorable Marci B. McIvor's April 25, 2011 order granting the complaint brought by Plaintiff-Appellee Michael A. Stevenson ("Trustee") to deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Debtor filed his appellant brief on June 2, 2011; Trustee filed his appellee brief on June 28, 2011. On August 18, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the matter pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.    Standard of Review**

The bankruptcy court's findings of fact are reviewed under the clearly erroneous

standard.  Fed. R. Bankr. P.  8013.  The bankruptcy court's conclusions of law are reviewed de novo.  *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 501 (6th Cir. 2010).  A bankruptcy court's finding of fraudulent intent is a factual finding that is reviewed for clear error.  *Groman v. Watman (In re Watman)*, 301 F.3d 3, 8 (1st Cir. 2002); *Brown v. Third Nat'l Bank (In re Sherman)*, 67 F.3d 1348, 1353 (8th Cir. 1995); *see also Keeney v. Smith (In Re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) (stating that "[w]hether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact.")  "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'"  *United States v. Mathews (In re Matthews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

**II.     Factual and Procedural Background**

Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on April 16, 2010.  On August 27, 2010, Trustee brought a complaint to deny Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (D) based on Debtor's alleged omissions from his bankruptcy schedules and related documents and failure to turn over certain documents to Trustee.

A trial on Trustee's complaint was held before Judge McIvor on April 18, 2011.  At the trial, Trustee presented evidence that Debtor failed to disclose on his bankruptcy schedules and related documents his 2009 state and federal income tax refunds, accounts

receivable associated with his law practice, certain gas royalties, rental income, and a potential cause of action against the Detroit Police Department. At the end of the trial, Judge McIvor found that Debtor knowingly and fraudulently made false statements on his bankruptcy schedules and statement of financial affairs by failing to disclose these assets. (Appellant R. 3 [4/18/11 Tr.] at 51.) Accordingly, on April 25, 2011, Judge McIvor entered an Order Denying Discharge of Debtor.

Debtor filed a notice appealing that order to this Court on May 5, 2011. Debtor challenges Judge McIvor's finding that he knowingly omitted assets with intent to defraud his creditors.

### III.   Applicable Law and Analysis

Section 727(a)(4)(A) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless–

. . .

> (4)   the debtor knowingly and fraudulently, in or in connection with the case–
>
> (A)   made a false oath or account.

11 U.S.C. § 727(a)(4)(A). A plaintiff seeking to deny a debtor discharge under this section must prove by a preponderance of the evidence that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *In re Keeney*, 227 F.3d at 685 (citing *Beaubouef v. Beaubouef (In re Beaubouef )*, 966 F.2d 174, 178 (5th Cir.1992)). The only issue

3

presented in this appeal is whether Judge McIvor erred in finding that Debtor omitted assets with fraudulent intent.

The Sixth Circuit has provided that "'intent to defraud' involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression." *In re Keeney*, 227 F.3d at 685 (quoting *In re Chavin*, 150 F.3d 726, 728 (7th Cir.1998)). The Sixth Circuit further provided that "[a] reckless disregard as to whether a representation is true will also satisfy the intent requirement." *Id*. at 686. The fraudulent intent required to deny a debtor's discharge is not established, however, if the false information resulted from mistake or inadvertence. *In re Keeney*, 227 F.3d at 686 (citing *Gillickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294 (10th Cir. 1997)). But fraudulent intent can be found based on "the cumulative effect of a series of innocent mistakes which evidence 'a pattern of reckless and cavalier disregard for the truth.'" *In re MacDonald*, 50 B.R. 255, 259 (Bankr. Mass. 1985) (quoting *In re Gonday*, 27 B.R. 428, 433 (Bankr. M.D. La. 1983)). Stated differently:

> While a false statement in the schedules or statement of affairs due to a mere mistake or inadvertence is not sufficient for the denial of a discharge . . . the courts have held that a reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of the fraudulent intent necessary to bar a discharge.

*In re Diodati*, 9 B.R. 804, 807-08 (Bankr. D. Mass. 1981). Fraudulent intent may be deduced from all the facts and circumstances of the case. *In re Keeney*, 227 F.3d at 686 (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir.1987)).

Judge McIvor found "[D]ebtor's testimony that he had no actual intent to defraud creditors credible." (Appellant R. 3 at 52.) Nevertheless, Judge McIvor found sufficient evidence of Debtor's fraudulent intent based on his indifference to the strict disclosure requirements of the bankruptcy code. (*Id*.) This factual finding is not clearly erroneous.

This is a case where Debtor's perhaps innocent mistakes in failing to include certain assets on his bankruptcy schedules and related documents "evidence a pattern of reckless and cavalier disregard for the truth." *In re MacDonald*, 50 B.R. at 259. Debtor omitted numerous assets. Debtor lacked a reasonable excuse for failing to disclose many of the assets, indicating that most of his omissions resulted from "overlook[ing]" or not looking carefully at where the bankruptcy schedule or related documents required him to identify the asset. As an attorney, practicing for thirteen years, he is not an unsophisticated debtor. He admittedly understood the obligation to submit accurate information to the bankruptcy court. (Appellant R. 3 at 8.)

Further supporting this finding is the fact that Debtor also failed to comply with certain orders of the bankruptcy court and provide Trustee with certain requested documents.[1] (Appellant R. 3 at 46.) Moreover, Debtor never sought to amend his bankruptcy schedule or related documents to include the omitted assets, even after Trustee identified the omissions. (*Id*.) In short, it is apparent that Debtor took a cavalier

---

[1] While Judge McIvor found that Debtor offered a reasonable excuse for failing to provide some documents to Trustee, he did not have an excuse for providing others, such as his accounts receivable ledgers.

attitude toward his duty to accurately and completely provide information to the bankruptcy court and Trustee.  He demonstrated "a pattern of reckless and cavalier disregard" for his obligations in the bankruptcy proceedings and under the bankrupcty code.

For these reasons, the Court concludes that Judge McIvor did not err in denying Debtor's discharge under 11 U.S.C. § 727(a)(4)(A) based on false oath.

Accordingly,

**IT IS ORDERED**, that the bankruptcy court's April 25, 2011 Order Denying Debtor's Discharge is **AFFIRMED**.

Date:  October 26, 2011               s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Edward G. Taylor, Esq.
20700 Civic Center Drive
Suite 170
Southfield, MI  48076

John W. Nemecek, Esq.